UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GREAT AMERICAN E&S INSURANCE COMPANY,

                              Plaintiff,              15-CV-6112

              v.                                      **DECISION**
                                                      **and ORDER**
NORMAN-SPENCER MCKERNAN, INC. AND
REGENCY OAKS CORPORATION,

                              Defendant.

_____


## <u>INTRODUCTION</u>

Plaintiff Great American E&S Insurance Company ("plaintiff" or "Great American) commenced this action  for declaratory relief against defendants Norman-Spencer McKernan, Inc. ("Norman-Spencer") and Regency Oaks Corporation ("Regency Oaks")("defendants," collectively).  Specifically, Great American, an insurance carrier, alleges that it is entitled to a declaration finding that it has no duty to defend or indemnify Norman-Spencer under the terms of an insurance policy it issued to it.

Defendant Norman-Spencer moves for dismissal of the complaint, alleging this Court's lack of subject-matter jurisdiction over the matters alleged in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that several causes of action concerning plaintiff's duty to defend and indemnify Norman-Spencer are not ripe for adjudication.  Plaintiff opposes Norman-Spencer's

motion to dismiss, responding that each cause of action alleged in the complaint is ripe for adjudication by this court.

For the reasons set forth below, Norman-Spencer's motion to dismiss several claims against defendant is granted because they are not ripe for adjudication.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's complaint, including documents and attachments incorporated by reference. Defendant Great American, the insurer of Norman-Spencer, filed this declaratory judgment action on August 24, 2015 against defendants Norman-Spencer and Regency Oaks. The complaint stems from an underlying New York State Court action filed in 2011 by Regency Oaks against Norman-Spencer, including its agent, Lee Davis ("Davis"). The underlying complaint alleges that Norman-Spencer's agent, Davis, provided Regency Oaks with a workers' compensation policy issued through American International Group ("AIG") that was later determined to be falsified by Davis. The record reveals that Davis provided Regency Oaks a falsified policy of insurance, falsified insurance certificates through AIG, and, later, a falsified letter purporting to be written by AIG to the New York State Workers' Compensation Board on behalf of Regency Oaks.

In July 2014, Regency Oaks's motion for partial summary judgment in the underlying New York action in Monroe County Supreme Court was granted which found Norman-Spencer liable for the fraud perpetuated

by Davis.  The New York Supreme Court's decision was affirmed by the New York Appellate Division, Fourth Department on June 12, 2015. *See Regency Oaks Corp. v. Norman-Spencer McKernan, Inc.*, 129 A.D.3d 1454 (4th Dept.2015).  Norman-Spencer has since filed a motion for leave to appeal that decision to the New York State Court of Appeals, which to date remains undecided.  Consequently, although the Appellate Division affirmed the Supreme Court's decision, that decision is not final because there is a pending motion for leave to appeal that decision to the New York State Court of Appeals. *See* N.Y. C.P.L.R. § 5602 (McKinney's).

In the complaint before this Court, plaintiff insurer Great American asserts that it issued a Professional Liability Insurance Policy for Specified Professionals ("the policy") to Norman-Spencer for the period of February 1, 2011 to February 1, 2012.  That policy contains several exclusions and endorsements that, as a result of Davis' fraudulent acts, nullify Great American's duty under the policy to defend and indemnify Norman-Spencer in the underlying state court action brought by Regency Oaks.  In support of its argument, Great American specifically points to the Amended Dishonesty Exclusion Endorsement (the "Dishonesty Exclusion"), the Insurance Related Services Limitation Endorsement (the "Limitation Endorsement"), an "Extended Reporting Period Endorsement," and Exclusion H to the policy.

The Dishonesty Exclusion excludes coverage for any claim arising out of "any actual dishonest, fraudulent, criminal, malicious,

intentional or willful Wrong Acts committed by any Insured." The wrongful acts, however, must be established by "a final non-appealable finding, determination, or ruling, order, or judgment in a judicial, administrative or arbitration proceeding." The Limitation Endorsement excludes coverage for claims arising out of "any actual or alleged commingling of, conversion, misappropriation, defalcation, or inability or failure to pay, collect or safeguard funds." The Extended Reporting Period Endorsement provides that claims for wrongful acts by the insured are subject to the period, notice, and reporting requirements described therein. Exclusion H excludes coverage for claims arising out of the insured gaining any advantage to which the insured was not legally entitled or any dispute as to the fees, charges or commissions of the insured for professional services rendered.

Norman-Spencer moves for dismissal of the first cause of action in its entirety and the remaining three causes of action insofar as they seek a declaration of Great American's duty to indemnify Norman-Spencer on the grounds that they are contingent upon a future final, nonappealable determination or an adjudication of Norman-Spencer's obligation to pay any sums in the underlying State Court action. Norman-Spencer contends, therefore, that these issues are not ripe for adjudication and should be dismissed.

## DISCUSSION

### I.   Standard of Review Under Rule 12(b)(6)

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  District courts have "unique and substantial discretion" to decline to exercise jurisdiction over an action for declaratory relief. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  When considering whether to rule on a declaratory relief complaint, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *See id.* at 288.

A cause of action is ripe for adjudication if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted). "The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1945); *see also* U.S. Const. art. III, § 2.  Moreover, the Court cannot grant declaratory relief to protect plaintiff's potential future rights.

Here, plaintiff seeks a declaration relieving it of its contractual duties to defend and indemnify defendant Norman-Spencer. "In order for an insurer to be relieved of the duty to defend, there must be 'no possible factual or legal basis on which an insurer's duty to indemnify under any provision of the policy could be held to attach.'" *Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 252 (S.D.N.Y.2013), quoting *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82 (2d Cir.2006). The Court notes, however, Norman-Spencer has expressly moved for dismissal of the claims relating to the duty to indemnify in causes of action two through four, not the duty to defend, and there is no question that, with respect to those counts, the dispute over Great American's duty to defend Norman-Spencer is ripe for adjudication.

With respect to the first cause of action, Great American alleges in its complaint that the Dishonesty Exclusion in the policy excludes coverage for any claim arising out of a wrongful act by the insured proven by a "final, nonappealable finding" in a judicial proceeding. However, "[i]t is axiomatic that federal courts may not decide hypothetical questions," and that a "'case or controversy' does not exist when the factual events forming the basis of a claim have not yet occurred." *Cargill, Inc. v. Charles Kowsky Res., Inc.*, 949 F.2d 51, 56 (2d Cir. 1991), citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 587 (5th Cir.1987). It is undisputed that the decision rendered by the Appellate Division,

Fourth Department is not final because an application for permission to appeal that decision to the New York Court of Appeals has yet to be decided. *See* N.Y. C.P.L.R. § 5602 (McKinney's).   Given that the first cause of action is contingent upon the rendering of a non-appealable finding, this Court, contrary to plaintiff's contention, may not rule on this hypothetical question. Therefore, the basis of the first cause of action against Norman-Spencer is unresolved and subject to dismissal without prejudice.

With respect to the separate question of Great American's duty to indemnify Norman-Spencer raised in the remaining three causes of action, the Court finds that the obligation owed by Great American to Norman-Spencer under the policy are matters of contract interpretation and are not contingent on the final resolution of the underlying state court matter. *See Cargill, Inc.*, 949 F.2d at 56. "Neither the underlying complaint nor the record in this case, however, provides any kind of itemization of the damages sought by" Regency Oaks. *Thruway Produce, Inc. v. Massachusetts Bay Ins. Co.*, __ F.Supp.3d. __, __(W.D.N.Y. July 20, 2015). Regency Oaks's underlying complaint against Norman-Spencer seeks "a money judgment in the amount equal to all of the Plaintiffs' damages proximately caused by the Defendants' wrongful conduct to be proven at the time of the trial of this action." (Dkt. 25-1 at p. 8).     In view of the fact that the damages being sought in the underlying action have yet to be proven at trial, the Court concludes that the issue of Great

American's duty to indemnify Norman-Spencer in second through fourth cause of action is not ripe for adjudication. *Thruway Produce,* F.Supp.3d. at __.   Consequently, those causes of action as they relate to the issue of indemnification are subject to dismissal without prejudice.

<u>**CONCLUSION**</u>

For the reasons set forth above, Norman-Spencer's motion to dismiss is granted to the extent that (1) the first cause of action is dismissed in its entirety without prejudice and (2) the second, third, and fourth causes of action are dismissed, without prejudice, as to the issue of indemnification only.   The Court also finds that Great American's obligation to defend as provided in the policy is not affected or disturbed by this decision in the counts remaining.

**ALL OF THE ABOVE IS SO ORDERED.**


            s/Michael A. Telesca
            MICHAEL A. TELESCA
         United States District Judge


Dated:    Rochester, New York
          October 15, 2015